IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ELIZABETH ANN COWMAN                                                                    PLAINTIFF

vs.                                         Civil No. 6:20-cv-06036

COMMISSIONER, SOCIAL                                                                    DEFENDANT
SECURITY ADMINISTRATION

### MEMORANDUM OPINION

Elizabeth Ann Cowman ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on November 17, 2017.  (Tr. 16).  In these applications, Plaintiff alleges being disable due to canal stenosis, hernia disc, chronic pain in

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13.  These references are to the page number of the transcript itself not the ECF page number.

1

her hip, a twisted spine, left eye blindness, glaucoma, type 2 diabetes, and vertigo. (Tr. 306). Plaintiff alleges an onset date of January 20, 2017. (Tr. 16). These applications were denied initially and again upon reconsideration. (Tr. 16).

On June 13, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 16-25). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 19, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 20, 2017, her alleged onset date. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; diabetes mellitus; bilateral glaucoma; peripheral neuropathy; degenerative joint disease of the hips; mixed hyperlipidemia; and degenerative joint disease of the right shoulder status/post surgery for cyst removal. (Tr. 19-20, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 21-24, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds, and only occasionally climb ramps or stairs. The claimant can occasionally stoop, crouch, kneel, and crawl. The claimant can frequently reach overhead with the right upper extremity. The claimant must avoid concentrated exposure to extreme cold, and excessive vibration. The claimant would have mono vision.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this PRW. *Id.* Considering this testimony, the ALJ determined Plaintiff retained the ability to perform her PRW as an assistant administrative staff and clerk; Medicaid biller; and data programmer. *Id.* Because Plaintiff retained the capacity to perform this PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 20, 2017 through the date of his decision or through June 13, 2019. (Tr. 24, Finding 7).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On January 30, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-7). On March 25, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court of March 26, 2020. ECF No. 5. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would

have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts

to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff only raises one argument for reversal: the ALJ erred in finding her impairments did not meet the requirements of Listing 1.04A. ECF No. 15. Listing 1.04A applies to "Disorders of the spine" and requires a demonstration of a "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc diseases, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With: A. Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."

In her briefing, Plaintiff focuses almost entirely upon the ALJ's failure to consider her positive straight-leg raise test results. ECF No. 15 at 1-5. As Plaintiff argues, "ALJ does not mention the straight leg test in his opinion. This test with medical records shows claimant meets or equals a listing." *Id.* In his opinion, the ALJ did not mention the straight-leg tests but did note the following:

> After carefully reviewing the record for the required findings, *the undersigned does not find that there has been motor loss, spinal arachnoiditis, or pseudoclaudication, and so the claimant has not met the listing for a spinal disorder.*

5


(Tr. 21) (emphasis added).  Upon review of Listing 1.04A, Plaintiff must demonstrate more than positive straight-leg tests; instead, Plaintiff must demonstrate she meets all of the requirements of Listing 1.04A.  *See Marciniak v. Shalala,* 49 F.3d 1350, 1353 (8th Cir. 1995) (recognizing "[f]or a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria.") (internal citation omitted).  Based upon a review of the ALJ's decision and his findings regarding Listing 1.04A, the Court finds no basis for reversal on this issue.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of September 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE